IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VALERIE L. THOMPSON,

    *Pro Se* Plaintiff,

v.                                                Civil Action No. 3:13-cv-00635

HARVESTER, INC. d/b/a,
COMMONWEALTH ARCHITECTS,

ROBERT S. MILLS,

DOMINIC VENUTO,

WALTER REDFEARN,

and

STEPHEN SCOTT
        Defendants.

### **MEMORANDUM OPINION**

This matter comes before the Court on the defendants' motion to dismiss. (Dk. No. 9.) The plaintiff, Valerie Thompson, has filed a complaint against Commonwealth Architects ("the Firm"), Robert S. Mills ("Mills"), Dominic Venuto ("Venuto"), Walter Redfearn ("Redfearn"), and Stephen Scott ("Scott"). Thompson originally asserted nine counts in her complaint, but the Court summarily dismissed Counts I, V, VI, VII, VIII, and IX for failure to state valid legal claims. (Dk. No. 3.) The defendants now move to dismiss Count II against the individual defendants, Count III against all of the defendants, and Count IV against all of the defendants.

In Count II, Thompson alleges that, in violation of Title VII of the Civil Rights Act of 1964, the defendants retaliated against her for complaining about sexual harassment. In Count

III, Thompson alleges another Title VII claim for sexual harassment in the workplace. In Count IV, Thompson says the defendants negligently or intentionally inflicted emotional distress upon her, in violation of Virginia law.

The Court GRANTS the defendants' motion to dismiss as to Counts II and III against the individual defendants, and Count IV against all defendants. As to Counts II and III, Title VII does not allow suit against supervisors as individuals, so the Court dismisses the individual defendants. As to Count IV, the two-year statute of limitations bars Thompson's claims for both negligent and intentional infliction of emotional distress. The Court DENIES the defendants' motion to dismiss Count III against the Firm because the issue of sexual harassment/hostile work environment falls within the scope of Thompson's EEOC charge and therefore is properly before the Court.

## I. Background

The plaintiff alleges the following facts, which the Court must take as true for the purpose of ruling on a motion to dismiss.[1] *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Thompson worked for Commonwealth Architects for four years beginning in 2007. Scott, the firm's Director of Information Technology, continuously sexually harassed her and pressured her to have sex with him. He sent her sexually explicit emails and voicemails, inappropriately touched her, and made her believe that her continued employment depended on her having sex with him. Thompson did have a sexual encounter with Scott in the office, but only because she believed that her job depended on it.

---

[1] The defendants do not subscribe to the plaintiff's factual theory of the case, and the Court offers no opinion as to the validity of the plaintiff's allegations, which are, at this time, unproven.

In December 2010, Thompson reported her sexual involvement with Scott to Venuto, the firm's Director of Human Resources and Vice President. The company, however, never investigated her claims of harassment, or even tried to solve the problem. Instead, in reaction to her allegations, the Firm limited the computer software she could use and transferred her workload to other employees.

On June 30, 2011, Redfearn and Mills, the firm's Chief Financial Officer and President respectively, notified Thompson that the company needed to lay her off for financial reasons, effective that day. Thompson believes the company laid her off in retaliation for reporting Scott's misdeeds.

As a prerequisite to filing this suit, on July 28, 2011, Thompson filed a charge of discrimination with the Equal Employment Opportunity Commission. In her charge, she checked boxes indicating that she had faced retaliation, race discrimination, and sex discrimination. On September 17, 2013, Thompson filed her complaint with this Court.

## II. Discussion

### a. Individual Defendants

In Counts II and III, Thompson says that her corporate supervisors, Mills, Venuto, Redfearn, and Scott, are liable for violating Title VII, the federal statute forbidding discrimination, sexual harassment, and retaliation. Under Title VII, only an "employer" can be liable for discriminatory or retaliatory conduct. 42 U.S.C. § 2000e-3(a). Title VII has a limited definition of an "employer." Supervisors do not count as employers for purposes of this provision and "are not liable in their individual capacities for Title VII violations." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). In other words, Thompson can sue her company under Title VII but not her individual bosses. *McGuire v. IBM Corp.*, Case No. 1:11-

CV-528, 2011 WL 4007682, at *3 (E.D. Va. Sept. 8, 2011). The Court, therefore, dismisses Counts II and III against the individual defendants—Mills, Venuto, Redfearn, and Scott.

*b. Count III- Sexual Harassment/Hostile Work Environment*

*i. Exhaustion of Remedies*

Before a plaintiff may file a Title VII lawsuit, she must first file a charge of discrimination with the EEOC. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The charge must lay out the alleged wrongful conduct of the defendant, and only the conduct alleged in the charge can form the basis for a later lawsuit. In her lawsuit, the plaintiff cannot raise new claims not contained in the charge. Filing a charge of discrimination with the EEOC is called "exhaustion of administrative remedies." A Title VII plaintiff must follow this procedure, because it gives the EEOC a chance to investigate the complaint and attempt to help the parties conciliate their differences. "[F]ailure by the plaintiff to exhaust administrative remedies . . . deprives the federal courts of subject matter jurisdiction over the claim." *Id.* If a plaintiff later chooses to file a complaint in court, she may "only [plead] those discrimination claims stated in the initial [EEOC] charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

The defendants say that Thompson did not exhaust her administrative remedies, so the Court should dismiss the case. Thompson, however, checked the box for sex discrimination on her original EEOC charge and wrote, "I reported to Dominic Venuto, Human Resources Director, of unfair employment practices of a male employee, who I had a sexual relationship in the past." She also claimed to have been "subjected to a hostile work environment." By checking the box for sex discrimination and referring to a sexual relationship and a hostile work

environment in her written explanation, Thompson placed the issue in Count III within the scope of the charge.

### ii. Timeliness

Title VII also contains a requirement that a plaintiff file her charge within 300 days of the alleged unlawful act. 42 U.S.C.A. § 2000e-5. Incidents occurring before the 300-day limit may only be included in a subsequent lawsuit if they "were part of a continuing violation, and at least one act in that violation occurred within the 300-day statute of limitations." *Balas v. Huntington Ingalls Indus., Inc.*, 2:11CV347, 2011 WL 4478864, at *3 (E.D. Va. Sept. 26, 2011) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). Sexual harassment that creates a hostile work environment can qualify as a continuing violation because it often occurs over time, with multiple incidents. *Id.* at *3, *6. At least one violation must fall within the 300-day time limit (which for this case starts on October 1, 2010) in order to meet the requirements for a continuing violation and prevent the claim from being time-barred.

The defendants argue that Thompson's charge was not timely. Based on the liberal pleading standard allowed for *pro se* plaintiffs, Thompson's allegation of a hostile work environment related to sexual harassment qualifies as a continuing violation. Thompson met with Venuto in December 2010 to discuss the situation with Scott, and after that meeting, Thompson alleged that the Firm interfered with her job duties. She claims these actions stemmed from the sexual harassment and manipulation by Scott, which ultimately created a hostile work environment. At this stage, the charge appears timely, although further factual development may convince the Court differently. The Court thus denies the motion to dismiss Count III.

*c. Count IV- Infliction of Emotional Distress*

In Count IV, Thompson alleges negligent and intentional infliction of emotional distress, in violation of Virginia law. A two-year statute of limitations applies to all claims for infliction of emotional distress. *See* Va. Code Ann. § 8.01-243; *Lucas v. Henrico Cnty. Sch. Bd.*, 822 F. Supp. 2d 589, 607, 609 (E.D. Va. 2011). The two-year period "begins to run when the tort is committed," and filing an EEOC charge does not cut off the statute of limitations. *Tohotcheu v. Harris Teeter, Inc.*, Case No. 1:11-CV-767, 2011 WL 5873074, at *5 (E.D. Va. Nov. 22, 2011).

The defendants terminated Thompson's employment on June 30, 2011. Thompson needed to file her claim by June 30, 2013, in order to file within the two-year statute of limitations. Thompson did not file her complaint until September 17, 2013. Accordingly, the Court dismisses Count IV.

### III. Conclusion

For the reasons set forth above, the Court GRANTS the defendants' motion to dismiss as to Count II and Count III against the individual defendants and Count IV against all defendants and DENIES the defendants' motion to dismiss Count III against the Firm.

The Court will enter an appropriate order.

Let the Clerk send a copy to the plaintiff and all counsel of record.

Date: <u>April 16, 2014</u>

/s/
John A. Gibney, Jr.
United States District Judge